```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     CLARKSBURG
```

**KELLEY HILL and**
**GERALD HILL,**

    **Plaintiffs,**

v.                                    Civ. Action No. 1:20-cv-28
                                                                           (Judge Kleeh)

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 6]**

Pending before the Court is *Defendant's Motion to Dismiss Claims of Plaintiff Gerald Hill Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1)* [ECF No. 6]. For the reasons discussed below, the Court grants the Motion.

### I.    PROCEDURAL HISTORY AND BACKGROUND

On February 14, 2020, the Plaintiffs, Kelley Hill ("Mrs. Hill") and her husband Gerald Hill ("Mr. Hill") (together, "Plaintiffs"), filed this action against the Defendant, the United States of America ("Defendant"). Plaintiffs bring one count of medical negligence under the Federal Tort Claims Act ("FTCA"). The allegations in the Complaint relate to Mrs. Hill's

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 6]**

cancer diagnosis and the alleged delay thereof.[1]

On April 21, 2020, Defendant filed a motion to dismiss Mr. Hill from this action. Defendant argues that Mr. Hill failed to file an administrative complaint prior to this lawsuit, and the Court has no subject matter jurisdiction over his claims. Plaintiffs did not file a response.

## II. STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party asserting subject matter jurisdiction bears the burden of proving that it exists. CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2009 WL 426265, at *2 (N.D.W. Va. Feb. 19, 2009). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

## III. DISCUSSION

Federal courts generally lack subject matter jurisdiction to address lawsuits against the federal government unless the

---

[1] Mrs. Hill's allegedly negligent treatment took place at Minnie Hamilton Health Care Center, Inc., d/b/a Minnie Hamilton Health System ("Minnie Hamilton"), where she was treated by Dr. Richard Cain. See Compl., ECF No. 1, at ¶¶ 3, 12.

Case 1:20-cv-00028-TSK   Document 14   Filed 07/29/20   Page 3 of 5   PageID #: 80

HILL V. USA                                                        1:20-CV-28

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 6]**

United States expressly consents by waiving sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 1346, is a waiver of sovereign immunity when the federal government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred" for certain torts, such as negligence, committed by federal government employees acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1).

Before filing suit under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." Id. § 2675(a). Generally, the plaintiff must file the administrative complaint within two years of the claim's accrual. Id. § 2401(b). Then, the plaintiff must wait either six months or until the agency denies the complaint, whichever comes first, before filing suit with the court. Id. § 2675(a).

The United States Court of Appeals for the Fourth Circuit has recognized that the filing of an administrative complaint is a jurisdictional requirement that cannot be waived. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Failure to file an administrative complaint within the designated time period must result in a mandatory dismissal of

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 6]**

the plaintiff's claim. Id. at 124.

In Muth v. United States, D.P. Muth ("D.P.") and J.P. Muth ("J.P.") filed suit against the United States under the FTCA, but only D.P. filed an administrative complaint. See 1 F.3d 246 (4th Cir. 1993). The district court dismissed J.P.'s claim for "failure to follow the jurisdictional prerequisite . . . [of] filing an administrative complaint with the appropriate federal agency." Id. at 249. The Fourth Circuit affirmed the district court's dismissal, finding that "if there are multiple claimants in the matter, each claimant must 'individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf.'" Id. (citing Frantz v. United States, 791 F. Supp. 445, 447 (D. Del. 1992)).[2] Because J.P. did not file an administrative complaint prior to filing suit, he was dismissed from the action.

Here, like in Muth, two plaintiffs are filing suit under the FTCA for injuries arising out of the same facts, where one plaintiff filed a timely administrative complaint and the other

---

[2] When an individual brings suit against the United States on another's behalf, that claim must be "accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. 14.2(a). A claim filed by an individual on behalf of another is not proper without this evidence of legal authority. See Frantz, 791 F. Supp. at 447.

did not. Based on the record before the Court, Mr. Hill has not filed an administrative complaint.[3] The Court does not have subject matter jurisdiction over Mr. Hill's claims, and his dismissal from this action is mandatory. Henderson, 785 F.2d at 124.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED** [ECF No. 6]. All claims brought by Gerald Hill are hereby **DISMISSED WITH PREJUDICE**. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and to enter judgment in favor of Defendant as it relates to Gerald Hill. All claims by Kelley Hill remain pending.

It is so **ORDERED**.

DATED: July 29, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[3] Defendant attached to its Memorandum a Declaration of Meridith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. She avers that she searched the Claims Branch's database and found no record of an administrative tort claim by Mr. Hill or any representative of Mr. Hill relating to Dr. Richard Cain or Minnie Hamilton. ECF No. 7-1 at ¶ 4.